Guillermo ARCINEGA–CONTRERAS, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–72235.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2005.

Decided July 11, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Guillermo Arcinega–Contreras, Los Angeles, CA, pro se.

Charles S. Evendorff, Esq., Michael W. Vella, Esq., Morrison & Foerster, LLP, Brigham Fordham, Esq., San Diego, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John M. McAdams, Jr., Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,** Judge.

## MEMORANDUM ***

Guillermo Arcinega–Contreras, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), summarily affirming the immigration judge's ("IJ") denial of his application for cancellation of removal. Conceding ineligibility for cancellation, Arcinega–Contreras argues that his Fifth Amendment right to equal protection was violated by the commencement of removal proceedings against him pursuant to 8 C.F.R. § 208.14 and section 309(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, div. C, 110 Stat. 3009 ("IIRIRA"). We deny the petition.

## I.

Arcinega–Contreras entered the United States without inspection in 1986 and has lived here ever since. He has no convictions. His dealings with immigration authorities appear to have begun when he filed an asylum application. The asylum officer denied the application, which, pursuant to 8 C.F.R. § 208.14, obliged the officer to refer Arcinega–Contreras to removal proceedings. Because the proceedings commenced after April 1, 1997—IIRIRA's effective date pursuant to section 309(a) of the Act—Arcinega–Contreras was subject to removal rather than deportation. He might have benefitted from pre-IIRIRA deportation proceedings because he would have been facially eligible for suspension of deportation. *See* 8 U.S.C. § 1254 (repealed 1997). In contrast, he was facially ineligible for cancella-

---

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion of removal for lack of a qualifying relative. *See* 8 U.S.C. 1229b(b). The IJ denied cancellation of removal and granted voluntary departure.

## II.

■ The Government contends the court lacks jurisdiction to consider the petition on the ground that it challenges the Attorney General's prosecutorial discretion, contrary to the jurisdictional bar imposed by 8 U.S.C. § 1252(g). The petition's equal protection arguments, however, do not turn on the Attorney General's authority to decide whether and when to commence removal proceedings, and Arcinega–Contreras has waived any argument to the contrary. Accordingly, the jurisdictional bar does not apply, and we have jurisdiction under 8 U.S.C. § 1252.

## III.

■ A rational basis exists for each of the distinctions identified by Arcinega–Contreras. The challenge to 8 C.F.R. § 208.14 faults the absence of discretion, arguing that the Attorney General should be permitted to decide whether and when to commence proceedings against a removable alien whose asylum application has been rejected. Arcinega–Contreras fails, however, to show that the regulation is not rationally related to a legitimate government purpose, which may include IIRIRA's goal of "improv[ing] deterrence of illegal immigration." *See* H.R.Rep. No. 104–469, pt. 1, at 1 (1996).

One of IIRIRA's strategies for improving deterrence is to expedite and simplify removal proceedings while protecting credible asylum applicants. *Id.* at 12–13. The regulation relates to this strategy by sending a message to prospective illegal immigrants that, once some progress has been made in assessing an alien's status, immigration authorities will act expeditiously to reach a final disposition rather than allow the alien to linger in the country indefi-

nitely. As a result of a removable alien's failure to obtain asylum, there are fewer potential bases that might allow the alien to remain in the United States, as compared to a similarly situated non-applicant, i.e., a removable alien without criminal convictions who is known to immigration authorities. This means the rejected applicant is likely closer to a final disposition than a non-applicant, and it is reasonable for immigration authorities to push ahead to resolve the rejected applicant's status.

With regard to the application of IIRIRA's removal proceedings, Arcinega–Contreras contends he should be eligible for deportation proceedings because he was in the United States prior to the effectiveness of IIRIRA's permanent rules. He finds it arbitrary that similarly situated aliens gained the benefit of deportation proceedings merely because their proceedings commenced before April 1, 1997.

One valid basis for applying the IIRIRA permanent rules to all proceedings commenced after April 1, 1997, but not to those commenced earlier, is that Congress may reasonably decide to apply new immigration rules prospectively from the date the legislation containing those rules becomes effective. It is beyond question that no line-drawing equal protection claim lies for a removable alien who entered the country after IIRIRA's effectiveness. Such an alien is, in pertinent aspects, indistinguishable from Arcinega–Contreras, and nothing about his situation renders this rationale inapposite. That Arcinega–Contreras had not been served with an order to show cause prior to IIRIRA's effectiveness was a result of the Attorney General's prosecutorial discretion, and, in the unlikely event that jurisdiction exists for this argument, *see Jiminez–Angeles v. Ashcroft*, 291 F.3d 594, 598–99 (9th Cir. 2002), the argument has been waived. Moreover, even if Arcinega–Contreras had

applied for asylum prior to IIRIRA's effectiveness, he would not have been entitled to an asylum determination or the commencement of deportation proceedings. *See Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir.2003).

Petition for review DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.